——— **FILED** ——— **ENTERED**
——— **LODGED** ——— **RECEIVED**

**APR 09 2019**

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY_____DEPUTY

The Honorable James L. Robart

# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR18-214JLR |
| Plaintiff, | |
| | **SECOND SUPERSEDING** |
| v. | **INFORMATION** |
| | **(FELONY)** |
| PRADYUMNA KUMAR SAMAL, | |
| Defendant. | |

The United States Attorney charges that:

## INTRODUCTION

At all material times:

1.      PRADYUMNA KUMAR SAMAL ("SAMAL") is a resident of Bellevue, Washington.

2.      Since 2010, Divensi, Inc. ("Divensi") has been a company organized and operating under the laws of the State of Washington with offices in Bellevue, Washington and Redmond, Washington.  At all times, SAMAL has been the owner and Chief Executive Officer ("CEO") of Divensi.

3.      Since 2011, Azimetry, Inc. ("Azimetry") has been a company organized and operating under the laws of the State of Washington with offices in Bellevue,

Second Superseding Information (SAMAL) - 1
CR18-214JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 │ Washington and Redmond, Washington.  At all times, SAMAL has been the owner and

2 │ Chief Executive Officer ("CEO") of Azimetry.

3 │    4.  Since 2004, Divensi Technology, Inc. ("Divensi Technology"), formerly

4 │ known as Corlution, Inc., has been a company organized and operating under the laws of

5 │ the State of Washington, with offices in Bellevue, Washington and Redmond,

6 │ Washington.  Between in or around July 2012 and in or around February 2018, SAMAL

7 │ was the owner and Chief Executive Officer of Divensi Technology.

8 │ **COUNT ONE**

9 │ (Mail Fraud)

10 │    5.  Paragraphs 1 through 4 of this Second Superseding Information are

11 │ realleged and incorporated, as if fully set forth herein.

12 │    6.  Beginning on a date unknown and continuing through on or about 2016, in

13 │ Bellevue, within the District of Washington and elsewhere, PRADYUMNA KUMAR

14 │ SAMAL, with the intent to defraud, devised and intended to devise a scheme and artifice

15 │ to defraud, and to obtain money by means of materially false and fraudulent pretenses,

16 │ representations and promises.

17 │ **A.**  **Background Regarding the Specialty-Occupation ("H-1B") Program**

18 │    7.  Employers in the United States are able to petition the United States

19 │ Citizenship and Immigration Services ("USCIS") to authorize foreign-national employees

20 │ to work temporarily in the United States.  One such type of temporary work authorization

21 │ is a "specialty-occupation" or "H-1B" visa, under which a foreign national is authorized

22 │ by USCIS to work in the United States in a "specialty occupation" for the petitioning

23 │ employer.

24 │    8.  In most cases, the foreign nationals who are the subjects of petitions for

25 │ specialty-occupation visas are residents of a foreign country at the time the petition is

26 │ filed.  Some foreign nationals named in petitions may, however, already be lawfully

27 │ present in the United States pursuant to another H-1B visa or other forms of immigration

28 │ status.  Whether a foreign national is resident in the United States or overseas at the time

Second Superseding Information (SAMAL) - 2
CR18-214JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 a specialty-occupation visa petition is approved affects the steps that the foreign national

2 must take after her petition is approved.  Specifically, in cases where the foreign national

3 is resident in a foreign country at the time the petition is approved, the foreign national

4 must submit to the additional step of an interview at a U.S. consulate in their country of

5 residence.

6    9.  In recent years, U.S. employers typically have sought specialty-occupation

7 visas for foreign nationals who have experience and post-graduate degrees in computer

8 sciences, biological sciences, and engineering.  Because specialty-occupation visas

9 originally were designed to enable U.S. employers to use foreign nationals for certain

10 narrow categories of jobs in the absence of a large enough labor pool in the U.S.,

11 specialty-occupation visas are subject to strict issuance requirements, including quotas,

12 certifications by the petitioning employers regarding wages, and lengthy processing

13 times.  Before filing a specialty-occupation petition for a foreign-national employee, an

14 employer generally must attest to the U.S. Department of Labor ("DOL") that the

15 employee will be paid the prevailing wage and enjoy working conditions that are similar

16 to those enjoyed by similarly situated U.S.-national employees.

17    10.  In the event DOL accepts those attestations (which are contained in a

18 document called a Labor Conditions Application or "LCA"), the employer may then

19 submit to USCIS a Petition for Nonimmigrant Worker (or "I-129" petition) for each

20 foreign national who it wishes to employ pursuant to the approved LCA.  The I-129

21 petition requires the petitioning employer to specify the requested nonimmigrant

22 classification, – *i.e.*, the type of temporary visa status – it seeks for the foreign national

23 named in the petition.  The term "nonimmigrant" refers to the fact that the putative visa

24 holder is expected to maintain their permanent residence in another country and only live

25 in the United States for a temporary basis (*e.g.*, to perform an specialty occupation).

26    11.  The I-129 petition requires the petitioning employer to disclose the relevant

27 foreign national's name, alien registration number, and immigration status (if already in

28 the U.S.).  The I-129 petition requires the petitioning employer to disclose the address

Second Superseding Information (SAMAL) - 3
CR18-214JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  where the foreign national will work, their wages, their dates of employment, and

2  whether they will work at an off-site location (*i.e.*, at another company, such as one of the

3  petitioner's clients).  Such information is material to whether the application will be

4  approved and any limitations USCIS may impose on its approval.  An authorized

5  representative of the petitioning employer must also sign the I-129 petition and declare

6  under penalty of perjury that the information in the petition and supporting documents is

7  complete, true, and correct.  Moreover, if the employer seeks specialty-occupation status

8  for the foreign national named in the I-129 petition, the employer must submit additional

9  information (again, under penalty of perjury), including the foreign national's proposed

10  duties and prior work experience.

11       12.    Employers may provide evidence to substantiate the assertions in their I-

12  129 petitions.  In order to satisfy USCIS that the requests made in the petitions are

13  properly substantiated, petitioning employers may submit the following types of

14  documents:

15         a.    **Proof of Employment**:  Petitioning employers may include a signed

16      employment contract between the employer and the foreign national.  The contract

17      ordinarily will set forth agreements regarding job title, place of employment, and

18      salary.

19         b.    **Proof of Bona Fide Project**:  Where the petitioning employer

20      claims that the specialty-occupation position involves work for a client, it typically

21      includes numerous documents in order prove the client relationship exists, that the

22      project exists, and that work on the project qualifies as a specialty occupation.

23      These documents include contracts between the employer and its client, and letters

24      from the client (commonly referred to as "*end-client letters*") attesting that the

25      client has earmarked the foreign national for a project that requires specialized

26      skills.

27       13.    These documents are material to whether USCIS will approve a petition

28  and the duration of work eligibility that USCIS will authorize.

Second Superseding Information (SAMAL) - 4
CR18-214JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**B.      The Essence and Manner and Means of the Scheme and Artifice to Defraud**

14.      The essence of the scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations and promises was for Divensi and Azimetry (collectively, the "Count One Companies") to obtain temporary work authorizations, under the H-1B program, for foreign-national employees through fraud, and to market those employees to clients for those clients short-term project needs.

15.      It was a part of the scheme that, between 2012 and 2016, SAMAL, and others at the Count One Companies acting at his direction, included false statements and fraudulent documents in I-129 petitions and related materials that SAMAL caused to be sent to the United States Department of Homeland Security ("DHS") and United States Department of State ("DoS").  Specifically, SAMAL, and others at the Count One Companies acting at his direction, falsely asserted in I-129 petitions that the nonimmigrant worker named in each petition already had been earmarked for specialty-occupation projects, to be performed at the petitioning company's office in Bellevue. Moreover, in petitions filed between 2012 and 2014, SAMAL, and others at the Count One Companies acting at his direction, included forged and unauthorized end-client letters that appeared to have been drafted and signed by the clients for whose projects the employees named in the petitions purportedly had been earmarked.  The letters purported to verify the existence and duration of the employees' purported project assignments. SAMAL personally signed under penalty of perjury and civil and criminal penalties, fraudulent I-129 petitions, as well as letters to DHS and DoS that repeated the false statements in the petitions.  SAMAL, and others at the Count One Companies acting at his direction, also affixed forged signatures to purported end-client letters, which were sent to DHS and DoS in support of petitions.

16.      It was further a part of the scheme that SAMAL, and others at the Count One Companies acting at his direction, falsely asserted in I-129 petitions and supporting documents that the purported projects had project durations that were equal to the maximum period of time available under the H-1B program.

Second Superseding Information (SAMAL) - 5
CR18-214JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

17.    It was further a part of the scheme that, after fraudulently inducing DHS and DoS to issue work status and visas to foreign-national employees for the maximum H-1B time period, SAMAL, and others at the Count One Companies acting at his direction, marketed those employees to prospective corporate clients for those clients' actual, short-term, project needs.  By obtaining work status and visas in advance of the marketing process through fraudulent pretenses, the Count One Companies avoided the typical uncertainty and delay of the petitioning process, thereby obtaining a substantial competitive advantage over the Count One Companies' competitors.  Moreover, in cases where an employee could not successfully be placed at an actual client project, the petitioning company withdrew its previously approved petition for the employee's temporary work status.

18.    It was further a part of the scheme that, when marketing employees to clients, SAMAL, and others at the Count One Companies acting at his direction, represented that the employees had lawful work status in the United States.  Further, SAMAL, and others at the Count One Companies acting at his direction, omitted that the employees' work statuses had been obtained through the use of false statements to the United States.  As a result of these materially false representations and omissions, actual clients agreed to retain the services of the Count One Companies' employees.

**C.    Execution of the Scheme and Artifice to Defraud**

19.    On or about April 1, 2014, in Bellevue, within the Western District of Washington and elsewhere, the Defendant PRADYUMNA KUMAR SAMAL, for the purpose of executing or attempting to execute the above-described scheme and artifice to defraud and deprive, knowingly deposited and caused to be deposited to be sent and delivered by United States Postal Service the following matter: an I-129 Petition relating to a foreign-national employee referred to herein as "L.N.," in which the Defendant falsely subscribed as true, under penalty of perjury, that L.N. had been earmarked for a purported project, which L.N. purportedly would perform at Azimetry's offices in Bellevue.

Second Superseding Information (SAMAL) - 6
CR18-214JLR

All in violation of Title 18, United States Code, Section 1341.

## COUNT TWO
### (Willfully Failing to Pay Over Employment Taxes)

20.     Paragraphs 1 through 19 of this Second Superseding Information are realleged and incorporated, as if fully set forth herein.

21.     At all times relevant to this Second Superseding Information, Divensi, Azimetry, and Divensi Technology (collectively, the "Count Two Companies") were corporations doing business in Bellevue, Washington. The Count Two Companies were in the business of providing professional consulting services and workforce solutions.

**A.     Employee Tax Withholding**

22.     At all times relevant to this Second Superseding Information, each of the Count Two Companies withheld taxes from their employees' paychecks, including federal income taxes, Medicare and social security taxes (often referred to as Federal Insurance Contribution Act or "FICA" taxes). These taxes will be referred to in this Second Superseding Information as "payroll taxes."

23.     Each of the Count Two Companies were required to make deposits of the payroll taxes to the Internal Revenue Service on a periodic basis. In addition, each of the Count Two Companies were required to file, following the end of each calendar quarter, an Employer's Quarterly Federal Income Tax Return (Form 941), setting forth the total amount of wages and other compensation subject to withholding, the total amount of income tax withheld, the total amount of social security and Medicare taxes due, and the total tax deposits.

24.     During the period of time for which he served as the owner of the Count Two Companies, Defendant SAMAL was a "responsible person," that is, he had the corporate responsibility to collect, truthfully account for, and pay over each of the Count Two Companies' payroll taxes.

25.     Throughout the calendar year 2017 and in the first quarter of 2018, each of the Count Two Companies withheld tax payments from their employees' paychecks and

Second Superseding Information (SAMAL) - 7
CR18-214JLR

1  accounted for those tax payments in Forms 941 that they filed with the Internal Revenue
2  Service. However, for various quarters in 2017 and 2018, one or more of the Count Two
3  Companies failed to pay over payroll taxes to the Internal Revenue Service, which were
4  due by the following Wednesday or Friday after employees were paid. More specifically,
5  Divensi failed to pay over payroll taxes for all four quarters of 2017 and the first quarter
6  of 2018, Azimetry failed to pay over payroll taxes for the last three quarters of 2017 and
7  the first two quarters of 2018, and Divensi Technology failed to pay over payroll taxes
8  for the fourth quarter of 2017.

9  **B.    Failure to Pay Over Employment Tax**

10        26.    For the second calendar quarter of tax year 2017, Defendant
11  PRADYUMNA KUMAR SAMAL did willfully fail to pay over to the Internal Revenue
12  Service all of the federal income taxes withheld and Federal Insurance Contribution Act
13  taxes due and owing to the United States on behalf of Divensi and its employees.

14        All in violation of Title 26, United States Code, Section 7202.

15                          <u>**FORFEITURE ALLEGATIONS**</u>

16        All of the allegations contained in this Second Superseding Information are hereby
17  realleged and incorporated by reference for the purpose of alleging forfeiture.

18        Pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28,
19  United States Code, Section 2461(c), upon conviction of the offense charged in Count 1,
20  the Defendant, PRADYUMNA KUMAR SAMAL, shall forfeit to the United States any
21  property, real or personal, which constitutes or is derived from proceeds traceable to a
22  violation of Title 18, United States Code, Section 1341, a specified unlawful activity as
23  defined in Title 18, United States Code, Sections 1956(c)(7)(A) and 1961(1)(B), or a
24  conspiracy to commit such offense, including but not limited to a judgment for a sum of
25  money representing the property described in this paragraph.

26

27

28

Second Superseding Information (SAMAL) - 8
CR18-214JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## Substitute Assets

If any of the above-described forfeitable property, as a result of any act or omission of the Defendant,

a.     cannot be located upon the exercise of due diligence;

b.     has been transferred or sold to, or deposited with, a third party;

c.     has been placed beyond the jurisdiction of the Court;

d.     has been substantially diminished in value; or

e.     has been commingled with other property which cannot be divided without difficulty;

///

///

///

Second Superseding Information (SAMAL) - 9
CR18-214JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   it is the intent of the United States, pursuant to Title 21, United States Code, Section

2   853(p), and Title 28, United States Code, Section 2461(c), to seek the forfeiture of any

3   other property of the Defendant, up to the value of the above-described forfeitable

4   property.

5

6

7       DATED this 9th day of April, 2019.

8

9

10      BRIAN T. MORAN
        United States Attorney
11

12

13      KATHERYN KIM FRIERSON
        Assistant United States Attorney
14

15

16      SIDDHARTH VELAMOOR
        Assistant United States Attorney
17

18

19      MICHAEL DION
        Assistant United States Attorney
20

21

22

23

24

25

26

27

28

Second Superseding Information (SAMAL) - 10
CR18-214JLR