_____ FILED      _____ ENTERED
_____ LODGED     _____ RECEIVED

APR 11 2019

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY

The Honorable James L. Robart

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | NO. CR18-214JLR |
|---|---|
| Plaintiff, | **PLEA AGREEMENT** |
| v. | |
| PRADYUMNA KUMAR SAMAL, | |
| Defendant. | |

The United States of America, by and through Brian T. Moran, United States Attorney for the Western District of Washington, and Michael Dion and Siddharth Velamoor, Assistant United States Attorneys for said District, PRADYUMNA KUMAR SAMAL, and his attorney, Emma Scanlan, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

1.    **Waiver of Indictment**.  Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charges brought by the United States Attorney in a Second Superseding Information.

2.    **The Charges**.  Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the following charges contained in the Second Superseding Information.

a.     Mail Fraud, as charged in Count One, in violation of Title 18, United States Code, Section 1341.

b.     Failure to Collect or Pay Over Tax, as charged in Count Two, in violation of Title 26, United States Code, Section 7202.

By entering this plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering his guilty pleas, he will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

3.    **Elements of the Offenses**. The elements of the offenses to which Defendant is pleading guilty, are as follows:

a.     The elements of Mail Fraud, as charged in Count One, in violation of Title 18, United States Code, Section 1341, are as follows:

i.     First, the defendant knowingly participated in, devised, or intended to devise a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises.

ii.     Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

iii.     Third, the defendant acted with the intent to defraud; that is, the intent to deceive or cheat; and

iv.     Fourth, the defendant used, or caused to be used, the mails to carry out or attempt to carry out an essential part of the scheme.

b.     The elements of Failure to Collect or Pay Over Tax, as charged in Count Two, in violation of Title 26, United States Code, Section 7202, are as follows:

i.     First, the defendant was required to collect, account for, and pay over taxes imposed by federal law;

ii.     Second, the defendant either failed to truthfully account for such tax or failed to pay over such tax;

iii.     Third, the defendant did so willfully.

Plea Agreement/Samal - 2
Case No. CR18-214JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1      4.    **The Penalties**. Defendant understands that the statutory penalties

2  applicable to the offense to which he is pleading guilty are as follows:

3      a.    For the offense charged in Count One: A maximum term of

4  imprisonment of twenty (20) years, a fine of up to $250,000.00, a period of supervision

5  following release from prison of up to three (3) years, and a mandatory special

6  assessment of 100 dollars. If a probationary sentence is imposed, the probation period

7  can be for up to five (5) years. Defendant agrees that the special assessment shall be paid

8  at or before the time of sentencing.

9      b.    For the offense charged in Count Two: A maximum term of

10 imprisonment of five (5) years, a fine of up to $250,000.00, together with the costs of

11 prosecution, a period of supervision following release from prison of up to three (3)

12 years, and a mandatory special assessment of 100 dollars. If a probationary sentence is

13 imposed, the probation period can be for up to five (5) years. Defendant agrees that the

14 special assessment shall be paid at or before the time of sentencing.

15    Defendant understands that supervised release is a period of time following

16 imprisonment during which he will be subject to certain restrictive conditions and

17 requirements. Defendant further understands that if supervised release is imposed and he

18 violates one or more of the conditions or requirements, Defendant could be returned to

19 prison for all or part of the term of supervised release that was originally imposed. This

20 could result in Defendant's serving a total term of imprisonment greater than the statutory

21 maximum stated above.

22    Defendant understands that as a part of any sentence, in addition to any term of

23 imprisonment and/or fine that is imposed, the Court may order Defendant to pay

24 restitution to any victim of the offense, as required by law.

25    Defendant agrees that any monetary penalty the Court imposes, including the

26 special assessment, fine, costs, or restitution, is due and payable immediately and further

27 agrees to submit a completed Financial Statement of Debtor form as requested by the

28 United States Attorney's Office.

Plea Agreement/Samal - 3
Case No. CR18-214JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

5.      **Rights Waived by Pleading Guilty.**  Defendant understands that by pleading guilty, he knowingly and voluntarily waives the following rights:

      a.     The right to plead not guilty and to persist in a plea of not guilty;

      b.     The right to a speedy and public trial before a jury of his peers;

      c.     The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for him;

      d.     The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

      e.     The right to confront and cross-examine witnesses against Defendant at trial;

      f.     The right to compel or subpoena witnesses to appear on his behalf at trial;

      g.     The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

      h.     The right to appeal a finding of guilt or any pretrial rulings.

6.      **Immigration Consequences**.  Defendant recognizes that pleading guilty may have consequences with respect to his immigration status because he is not a citizen of the United States.  Under federal law, a broad range of crimes are grounds for removal, including the offenses to which Defendant is pleading guilty, and some offenses make removal from the United States is presumptively mandatory.  Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his guilty plea may entail, even if the consequence is his mandatory removal from the United States.

Plea Agreement/Samal - 4
Case No. CR18-214JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1      7.     **Ultimate Sentence**. Defendant acknowledges that no one has promised or

2 guaranteed what sentence the Court will impose.

3      8.     **Restitution**. Defendant agrees to pay restitution in an amount to be

4 determined by the Court at Sentencing. Defendant agrees that such restitution shall

5 include a payment to the Internal Revenue Service ("IRS") in a total amount equal to the

6 amounts accounted for but not paid over on the Forms 941 filed by Divensi, Inc.,

7 Azimetry, Inc., and Divensi Technology, Inc. referred to in Section 10(b) below, pursuant

8 to 18 U.S.C. § 3663(a)(3). Defendant understands and agrees that this figure does not

9 include interest under 26 U.S.C. § 6601, which will be assessed by the IRS pursuant to

10 Title 26.

11      Defendant agrees that the total amount of restitution reflected in this agreement

12 results from Defendant's criminal conduct.

13      Defendant agrees that restitution is due and payable immediately after the

14 judgment is entered and is subject to immediate enforcement, in full, by the United

15 States. If the Court imposes a schedule of payments, defendant agrees that the schedule

16 of payments is a schedule of the minimum payment due, and that the payment schedule

17 does not prohibit or limit the methods by which the United States may immediately

18 enforce the judgment in full.

19      The IRS will use the amount of restitution order as the basis for a civil assessment

20 under 26 U.S.C. § 6201(a)(4). Defendant does not have the right to challenge the amount

21 of this restitution-based assessment. *See* 26 U.S.C. § 6201(a)(4)(C). Neither the

22 existence of a restitution payment schedule nor the defendant's timely payment of

23 restitution according to that schedule will preclude the IRS from immediately collecting

24 the full amount of the restitution-based assessment. Interest on the restitution-based

25 assessment will accrue under 26 U.S.C. § 6601 from the last date prescribed for payment

26 of the tax liability that is the subject of the restitution-based assessment to the date that

27 the IRS receives full payment.

28

Plea Agreement/Samal - 5
Case No. CR18-214JLR

1    Defendant is entitled to receive credit for restitution paid pursuant to this plea
2  agreement against those assessed civil tax liabilities due and owing for the same periods
3  for which restitution was ordered.  Defendant understands and agrees that the plea
4  agreement does not resolve the Defendant's civil tax liabilities, that the IRS may seek
5  additional taxes, interest and penalties from the Defendant relating to the conduct covered
6  by this plea agreement and for conduct relating to another time period, and that
7  satisfaction of the restitution debt does not settle, satisfy, or compromise Defendant's
8  obligation to pay any remaining civil tax liability.  Defendant authorizes release of
9  information to the IRS for purposes of making the civil tax and restitution-based
10  assessments.

11    Defendant understands that he is not entitled to credit with the IRS for any
12  payment until the payment is received by the IRS.

13    9.    **Tax Loss Amount**.  The United States and Defendant stipulate and agree
14  that the correct amount of tax loss for purposes of sentencing will be determined by the
15  Court at the time of Sentencing on the basis of the amounts accounted for but not paid
16  over in the Forms 941 referred to in Section 10(b) below.  Defendant understands that the
17  determination of tax loss by the Court at Sentencing does not preclude the IRS from
18  assessing and determining any additional civil tax, penalties, and/or interest that may be
19  owed by Defendant.  In addition, Defendant understands that he is required to pay costs
20  of prosecution of Count Two.

21    10.    **Statement of Facts**.  The parties agree on the following facts.  Defendant
22  admits he is guilty of the charged offenses:  Mail Fraud, in violation of Title 18, United
23  States Code, Section 1341; and Failure to Collect or Pay Over Tax, in violation of Title
24  26, United States Code, Section 7202.

25    a.    <u>Mail Fraud</u>

26    The Defendant has been the owner and Chief Executive Officer ("CEO") of two
27  Seattle-area companies named Divensi, Inc. ("Divensi"), founded in 2010, and Azimetry,
28  Inc. ("Azimetry"), founded in 2011, (collectively the "Companies").  In that role, the

Plea Agreement/Samal - 6
Case No. CR18-214JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  Defendant knowingly devised and participated in a scheme to defraud and to obtain
2  money by means of false pretenses and representations.  The Defendant's scheme relied
3  on materially false statements, insofar as they had a natural tendency to influence or were
4  capable of influencing a person to part with money or property.  When taking the steps
5  described below, the Defendant acted with the intent to defraud.

6        More specifically, in his role as CEO, the Defendant prepared, and caused others
7  at the Companies to prepare, fraudulent petitions and petition-related documents that the
8  Companies submitted to the United States Citizenship and Immigration Services
9  ("USCIS") and United States Department of State by means of U.S. Mail and commercial
10  carrier.  Through these petitions and related materials, referred to herein as "H-1B
11  petitions," the Companies sought work status and visas for foreign-national employees
12  under the specialty-occupation or "H-1B"-visa program.  *See* 8 U.S.C.
13  § 1101(a)(15)(h)(i)(B).  The H-1B petitions required the petitioning company to represent
14  to the United States, under penalty of perjury and criminal and civil penalties, the true
15  name, location, terms, and duration of the underlying employment position to be filled by
16  the stated beneficiary in each petition.

17        The Defendant knowingly included and caused others to include materially false
18  statements and material omissions about the nature and location of the purported
19  employment that would be performed by each beneficiary.  The Defendant falsely
20  represented that the foreign-national employees had been earmarked for extant projects
21  that they purportedly would perform at the Companies' offices.

22        In truth and in fact, and as Defendant then and there knew, at least some of the
23  materials he submitted, and caused to be submitted to the Government, stated that the
24  foreign-national employees would be assigned to projects to which they would not, in
25  fact, be assigned.  This induced the government to issue work status and visas that would
26  not otherwise have been issued.  The Defendant falsely represented in these petitions that
27  the employees' purported assignments had durations equal to the maximum permissible
28

Plea Agreement/Samal - 7
Case No. CR18-214JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  duration under the H-1B program, thereby inducing the government to issue work status

2  to foreign nationals for a corresponding length of time.

3       The Defendant intended to create a pool of H-1B employees with long-term work

4  status, who could be marketed to large corporate clients for those clients' off-site short-

5  term projects.  At the Defendant's direction, when marketing employees to clients, the

6  Companies represented that the employees had lawful work status in the United States,

7  and omitted that the work status had been obtained through the use of false statements to

8  the U.S. government.

9       At Defendant's direction, the Companies used fraudulent and forged materials in

10  furtherance of the scheme.  The Defendant, together with others, attached forged letters

11  that appeared to have been issued and signed by the Companies' clients to H-1B

12  petitions.  The letters were intended to substantiate the existence and duration of the

13  purported projects, by claiming that the foreign-national employees named in the

14  petitions had indeed been earmarked for those projects.  The Defendant caused similar

15  forged letters to be sent by U.S. mail and commercial carrier to the U.S. Department of

16  State, to induce U.S. consular officers to issue H-1B visas to employees.

17       On or about April 1, 2014, the Defendant caused to be used the mails to carry out

18  an essential part of the scheme.  More specifically, the Defendant caused to be mailed to

19  the U.S. Department of Homeland Security from the Companies' offices in Bellevue an

20  H-1B petition relating to a foreign-national employee referred to herein as "L.N."  In the

21  petition, the Defendant falsely subscribed as true, under penalty of perjury, that L.N. had

22  been earmarked for a project, which L.N. purportedly would perform at Azimetry's

23  offices in Bellevue for a project duration of three years.  The Defendant included a forged

24  letter in the petition from the client on whose project L.N. purportedly would work.  In

25  truth and in fact, and as the Defendant then and there knew, L.N. had not been earmarked

26  for any project, and would only be marketed for client projects if and when the

27  government approved the petition.

28

Plea Agreement/Samal - 8
Case No. CR18-214JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    b.    <u>Failure To Collect Or Pay Over Tax</u>

2        As the owner and CEO of Divensi, Azimetry, and Divensi Technology, Inc.

3    (collectively "Count Two Companies"), the Defendant employed various employees and

4    maintained authority over the Count Two Companies' finances and other business-related

5    decisions.  The Defendant was required by federal law to collect, truthfully account for,

6    and pay over payroll and employment taxes, including income and Social Security and

7    Medicare (FICA) tax withholdings, to the U.S. Department of the Treasury, Internal

8    Revenue Service (IRS).

9        In contravention of his obligations under federal law, and together with employees

10   at his companies' offices in the Western District of Washington and elsewhere, the

11   Defendant willfully failed to pay over such taxes to the IRS, as set out below:

12   -   <u>Divensi</u>:  The Defendant caused Forms 941 to be filed by Divensi in all four

13       quarters of 2017 and the first quarter of 2018.  While the Forms 941 filed by

14       Divensi for those five quarters truthfully accounted for the tax balance owed by

15       Divensi, the Defendant willfully failed to pay over those taxes, as required by

16       law.

17   -   <u>Azimetry</u>:  The Defendant caused Forms 941 to be filed by Azimetry in the

18       second, third, and fourth quarters of 2017 and the first two quarters of 2018.

19       While the Forms 941 filed by Azimetry for those five quarters truthfully

20       accounted for the tax balance owed by Azimetry, the Defendant willfully failed

21       to pay over those taxes, as required by law.

22   -   <u>Divensi Technology, Inc.</u>:  The Defendant caused a Form 941 to be filed by

23       Divensi Technology, Inc. in the fourth quarter of 2017.  While the Form 941

24       filed by Divensi Technology, Inc. for that quarter truthfully accounted for the

25       tax balance owed by Divensi Technology, Inc., the Defendant willfully failed

26       to pay over those taxes, as required by law.

27                *       *       *       *       *

28

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    The parties agree that the Court may consider additional facts contained in the

2 Presentence Report (subject to standard objections by the parties) and/or that may be

3 presented by the United States or Defendant at the time of sentencing, and that the factual

4 statement contained herein is not intended to limit the facts that the parties may present to

5 the Court at the time of sentencing.

6    11.    **United States Sentencing Guidelines**.  Defendant understands and

7 acknowledges that the Court must consider the sentencing range calculated under the

8 United States Sentencing Guidelines and possible departures under the Sentencing

9 Guidelines together with the other factors set forth in Title 18, United States Code,

10 Section 3553(a), including:  (1) the nature and circumstances of the offense; (2) the

11 history and characteristics of the defendant; (3) the need for the sentence to reflect the

12 seriousness of the offense, to promote respect for the law, and to provide just punishment

13 for the offense; (4) the need for the sentence to afford adequate deterrence to criminal

14 conduct; (5) the need for the sentence to protect the public from further crimes of the

15 defendant; (6) the need to provide the defendant with educational and vocational training,

16 medical care, or other correctional treatment in the most effective manner; (7) the kinds

17 of sentences available; (8) the need to provide restitution to victims; and (9) the need to

18 avoid unwarranted sentence disparity among defendants involved in similar conduct who

19 have similar records.  Accordingly, Defendant understands and acknowledges that:

20    a.    The Court will determine applicable Defendant's Sentencing

21 Guidelines range at the time of sentencing;

22    b.    After consideration of the Sentencing Guidelines and the factors in

23 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the

24 maximum term authorized by law;

25    c.    The Court is not bound by any recommendation regarding the

26 sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines

27 range offered by the parties or the United States Probation Department, or by any

28 stipulations or agreements between the parties in this Plea Agreement; and

Plea Agreement/Samal - 10
Case No. CR18-214JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

d.     Defendant may not withdraw his guilty plea solely because of the sentence imposed by the Court.

12.     **Acceptance of Responsibility.**  At sentencing, *if* the district court concludes Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a) and the defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the district court to decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of his intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

13.     **Sentencing Factors**.  The parties agree that the following Sentencing Guidelines provisions apply to this case:

a.     The use of gain as an alternative measure of loss under USSG §2B1.1(b)(1), pursuant to application note 3(B) and based on the parties' agreement that, although there was a loss that resulted from the conduct covered by Count One, it reasonably cannot be determined.

The parties agree that they are free to present arguments regarding the applicability of all other provisions of the United States sentencing Guidelines.  The Defendant understands, however, that at the time of Sentencing, the Court is free to reject these stipulated and recommended adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.  Defendant further acknowledges the inevitable uncertainty regarding the Court's ultimate calculation of the Sentencing Guidelines at the time of Sentencing, and nevertheless acknowledges that Defendant is entering into this guilty plea and this Plea Agreement knowingly, intelligently, and voluntarily.

14.     **Non-Prosecution of Additional Offenses**.  As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this

Plea Agreement/Samal - 11
Case No. CR18-214JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  Agreement that are based upon evidence in its possession at this time, and that arise out

2  of the conduct giving rise to this investigation.  In this regard, Defendant recognizes the

3  United States has agreed not to prosecute all of the criminal charges the evidence

4  establishes were committed by Defendant solely because of the promises made by

5  Defendant in this Agreement.  Defendant further agrees, however, that for purposes of

6  preparing the Presentence Report, the United States Attorney's Office will provide the

7  United States Probation Office with evidence of all conduct committed by Defendant.

8         Defendant agrees that any charges to be dismissed before or at the time of

9  sentencing were substantially justified in light of the evidence available to the United

10 States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant

11 with a basis for any future claims under the "Hyde Amendment," Pub.L. No. 105-119

12 (1997).

13        15.   **Breach, Waiver, and Post-Plea Conduct.**  Defendant agrees that if

14 Defendant breaches this Plea Agreement, the United States may withdraw from this Plea

15 Agreement and Defendant may be prosecuted for all offenses for which the United States

16 has evidence.  Defendant agrees not to oppose any steps taken by the United States to

17 nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea

18 Agreement.  Defendant also agrees that if Defendant is in breach of this Plea Agreement,

19 Defendant has waived any objection to the re-institution of any charges that were

20 previously dismissed or any additional charges that had not been prosecuted.

21        Defendant further understands that if, after the date of this Agreement, Defendant

22 should engage in illegal conduct, or conduct that violates any conditions of release or the

23 conditions of his confinement, (examples of which include, but are not limited to,

24 obstruction of justice, failure to appear for a court proceeding, criminal conduct while

25 pending sentencing, and false statements to law enforcement agents, the Pretrial Services

26 Officer, Probation Officer, or Court), the United States is free under this Agreement to

27 file additional charges against Defendant or to seek a sentence that takes such conduct

28 into consideration by requesting the Court to apply additional adjustments or

Plea Agreement/Samal - 12
Case No. CR18-214JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   enhancements in its Sentencing Guidelines calculations in order to increase the applicable

2   advisory Guidelines range, and/or by seeking an upward departure or variance from the

3   calculated advisory Guidelines range.  Under these circumstances, the United States is

4   free to seek such adjustments, enhancements, departures, and/or variances even if

5   otherwise precluded by the terms of the plea agreement.

6      16.   **Waiver of Appellate Rights and Rights to Collateral Attacks.**

7   Defendant acknowledges that by entering the guilty plea(s) required by this plea

8   agreement, Defendant waives all rights to appeal from his conviction and any pretrial

9   rulings of the court.  Defendant further agrees that, provided the court imposes a custodial

10   sentence that is within or below the Sentencing Guidelines range (or the statutory

11   mandatory minimum, if greater than the Guidelines range) as determined by the court at

12   the time of sentencing, Defendant waives to the full extent of the law:

13      a.   Any right conferred by Title 18, United States Code, Section 3742,

14   to challenge, on direct appeal, the sentence imposed by the court, including any fine,

15   restitution order, probation or supervised release conditions, or forfeiture order (if

16   applicable); and

17      b.   Any right to bring a collateral attack against the conviction and

18   sentence, including any restitution order imposed, except as it may relate to the

19   effectiveness of legal representation; and

20      This waiver does not preclude Defendant from bringing an appropriate motion

21   pursuant to 28 U.S.C. § 2241, to address the conditions of his confinement or the

22   decisions of the Bureau of Prisons regarding the execution of her sentence.

23      If Defendant breaches this Plea Agreement at any time by appealing or collaterally

24   attacking (except as to effectiveness of legal representation) the conviction or sentence in

25   any way, the United States may prosecute Defendant for any counts, including those with

26   mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea

27   Agreement.

28

Plea Agreement/Samal - 13
Case No. CR18-214JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1      17.    **Voluntariness of Plea**.  Defendant agrees that he has entered into this Plea

2  Agreement freely and voluntarily and that no threats or promises, other than the promises

3  contained in this Plea Agreement, were made to induce Defendant to enter his plea of

4  guilty.

5      18.    **Statute of Limitations**.  In the event this Agreement is not accepted by the

6  Court for any reason, or Defendant has breached any of the terms of this Plea Agreement,

7  the statute of limitations shall be deemed to have been tolled from the date of the Plea

8  Agreement to:  (1) thirty (30) days following the date of non-acceptance of the Plea

9  Agreement by the Court; or (2) thirty (30) days following the date on which a breach of

10  the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

11  //

12  //

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plea Agreement/Samal - 14
Case No. CR18-214JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    19.    **Completeness of Agreement**.  The United States and Defendant

2  acknowledge that these terms constitute the entire Plea Agreement between the parties.

3  This Agreement binds only the United States Attorney's Office for the Western District

4  of Washington.  It does not bind any other United States Attorney's Office or any other

5  office or agency of the United States, or any state or local prosecutor.

6    Dated this ⌊1⌋ day of April, 2019.

7

8

9  PRADYUMNA KUMAR SAMAL
10  Defendant

11

12  EMMA SCANLAN
13  Attorney for Defendant

14

15  KATHERYN FRIERSON
16  Assistant United States Attorney

17

18  SIDDHARTH VELAMOOR
19  Assistant United States Attorney

20

21

22  MICHAEL DION
  Assistant United States Attorney

23

24

25

26

27

28

Plea Agreement/Samal - 15
Case No. CR18-214JLR